UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUSTIN MCGEE | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| FEDEX FREIGHT, INC., PROTECTIVE INSURANCE COMPANY, and XYZ PAVING CONSTRUCTORS/CONTRACTORS | MAGISTRATE JUDGE: |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come FedEx Freight, Inc. and Protective Insurance Company, who file this Notice of Removal pursuant to 28 U.S.C. §1332 and 1441, to hereby remove this matter from state court to the docket of this Honorable Court, and respectfully represents the following:

### BACKGROUND

I.

Justin McGee, Plaintiff herein, filed a lawsuit styled *Justin McGee vs. FedEx Freight, Inc., Protective Insurance Company, and XYZ Paving Constructors/Contractors,* in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, No. C-698330, naming FedEx Freight, Inc., Protective Insurance Company, and XYZ Paving Constructors/Contractors, as Defendants. The suit seeks damages for Plaintiff's alleged injuries sustained from a purported accident occurring at 11855 North Harrells Ferry Road, Baton Rouge, Louisiana on August 22, 2019. *See* Petition for Damages, attached as Exhibit 1.

II.

The state court action commenced on July 28, 2020. These Defendants received notice on or after August 6, 2020; therefore, removal is timely under 28 U.S.C. § 1446(B)(1)-(3).

**BASIS OF REMOVAL**

III.

This suit is removable to this Court under and by virtue of the federal statutes and acts of the Congress of the United States, including 28 U.S.C. § 1332 and 28 U.S.C. § 1441, which provide federal district courts with original jurisdiction in cases where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

IV.

FedEx Freight, Inc. is incorporated in the State of Arkansas with its principal place of business in the State of Arkansas. (See Arkansas Secretary of State notice – FedEx Freight, Inc., attached as Exhibit 2).

V.

Protective Insurance Company is incorporated in the State of Indiana with its principal place of business in the State of Indiana. (See Indiana Secretary of State notice – Protective Insurance Company, attached as Exhibit 3).

VI.

The alleged citizenship of XYZ Paving Constructors/Contractors is not relevant to removal, as this is a fictional defendant.

VII.

Justin McGee is a citizen of the State of Louisiana.

VIII.

Because Plaintiff is a citizen of the State of Louisiana and all Defendants are citizens of states other than Louisiana, complete diversity of citizenship exists among the parties.

IX.

Under United States Fifth Circuit Court of Appeals precedent, a defendant may establish that the amount in controversy exceeds $75,000 by either demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000, or by setting forth the facts in controversy that support a finding of the requisite amount.  *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 868 (5th Cir. 2002).

X.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, 869 (5th Cir. 2002) (quoting *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1412 (5th Cir. 1995)).

XI.

Since Article 893 of the Louisiana Code of Civil Procedure prohibits a plaintiff from pleading a specific dollar amount of damages, no specific dollar amount is provided in the Plaintiff's Petition.  For purposes of removal, however, it is facially apparent from the Petition that the amount in controversy exceeds $75,000, exclusive of interest and costs.

XII.

In the Petition, for example, Plaintiff alleges that he "tripped in a hole that had been allowed to accumulate in the parking lot around the drainage, causing him to fall and suffer injury." *See* Exhibit 1, ¶ 7.

XIII.

Based on these allegations, Plaintiff Justin McGee claims he "suffered severe and disabling injuries." *Id.*, ¶ 18. Specifically, Plaintiff alleges that he is "a surgical candidate and has suffered the following, among other, injuries: (a) chronic left ankle instability with peroneal tendinitis; (b) high ankle sprain; and (c) swelling and contusions." *Id.*, ¶ 22.

XIV.

Louisiana courts, including courts in this jurisdiction, have awarded **general damages** for ankle injuries requiring surgical intervention that range from $60,000 to $150,000. *See Knight v. Kirby Offshore Marine, LLC,* 2:17-cv-12456 (USDC-EDLA 05/10/19) (Plaintiff awarded $60,000 (CPI inflation adjusted: $60,704) in general damages following ankle surgery; *see also Ketchum v. Roberts*, 2012-1885 (La.App. 1 Cir. 05/29/14) (Plaintiff awarded $125,000 (CPI inflation adjusted: $136,139) in general damages following ankle surgery); *see also Granger v. Bisso Marine, LLC*, 2:15-cv-00477 (USDC-EDLA 09/29/16)(Plaintiff awarded $150,000 (CPI inflation adjusted: $160,779) in general damages following an ankle sprain that required surgical intervention). These awards do not include the special damages, such as medical expenses.

XV.

Plaintiff alleges that he is entitled to recover damages, including: (a) physical pain and suffering (past, present, & future); (b) mental pain and anguish (past, present, and future); (c) medical expense (past, present, and future); (d) lost wages (past, present, and future); (e) loss of enjoyment of life (past, present, & future); (f) physical disability and limitation of activities, hobbies, and endeavor. *See* Exhibit 1, ¶ 23.

XVI.

Based on the allegations of Plaintiff's Petition for Damages, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs, for this Court to assume jurisdiction over this matter under 28 U.S.C. § 1332.

XVII.

Defendant does not admit the underlying facts alleged by Plaintiff and denies liability to Plaintiff.

**REMOVAL PROCEDURE**

XVIII.

All Defendants who have been properly joined and served with Plaintiff's petitions consent to this removal. This satisfies the requirement that all defendants who have been properly served with Plaintiff's petition affirmatively consent to the removal of this action. *See Lewis v. Rego Co.*, 757 F.2d 66, 68 (3rd Cir. 1985) (observing that notice of removal filed before all non-resident defendants served with process still effective).

XIX.

This Notice of Removal is filed within 30 days of the receipt by or service upon the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

XX.

The state court action was commenced on July 28, 2020 and this removal has been filed within one (1) year after its commencement.

XXI.

Venue is proper within the Middle District of Louisiana because the matter is being removed from Section 25 of the 19th Judicial District Court, Parish of East Baton Rouge—a court which the Middle District of Louisiana embraces, and more specifically:

> The Honorable Wilson Fields
> 19st Judicial District Court
> Section 25
> 300 North Boulevard
> Baton Rouge, Louisiana 70801

XXII.

Pursuant to 28 U.S.C. § 1447(b) and LR 3.2, movers identify all known counsel as follows:

a. *Counsel for Plaintiff – Justin McGee*
   James E. Moore, Jr. (#21758)
   Peyton P. Murphy (#22125)
   Troy D. Morain (#19070)
   Brian L. McCullough (#31256)
   Renee H. Pennington (#35954)
   Murphy Law Firm
   2354 S. Acadian Thruway
   Baton Rouge, Louisiana 70808
   Telephone: (225) 928-8800; Fax: (225) 928-8802

b. *Counsel for Defendants— FedEx Freight, Inc. and Protective Insurance Company*
   Andrea L. Albert (#27353)
   Ryan D. O'Connor (#35272)
   Galloway, Johnson, Tompkins, Burr & Smith
   #3 Sanctuary Boulevard, Third Floor
   Mandeville, Louisiana  70471
   Phone:  (985) 674-6680
   Facsimile:  (985) 674-6681

XXIII.

Further pursuant to 28 U.S.C. § 1447(b), a complete copy of the state court record has been requested from the 19th Judicial District, Parish of East Baton Rouge. Upon receipt, movers

6

will supplement this filing with a copy all state court pleadings, including any answers and any return of service of process filed in state court so far.

XXIV.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that she has read the foregoing Notice of Removal. She likewise certifies that to the best of her knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

XXV.

Defendants, FedEx Freight, Inc. and Protective Insurance Company, request a trial by jury.

**WHEREFORE,** Defendants, FedEx Freight, Inc. and Protective Insurance Company, prays that this Notice be accepted as good and sufficient, and that this civil action be removed from the 19th Judicial District Court, Parish of East Baton Rouge State of Louisiana, to the docket of this Honorable Court for determination as provided by law, and that this Court enter such Orders and issue such process as may be proper, including copies of records and proceedings of the action from the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, and then proceed with the civil action as if it had been originally commenced in this Court.

Respectfully submitted,

*/s/ Andrea L. Albert*
**ANDREA L. ALBERT (#27353)**
**RYAN D. O'CONNOR (#35272)**
**GALLOWAY, JOHNSON, TOMPKINS,**
   **BURR & SMITH**
#3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana  70448
Telephone: (985) 674-6680
Facsimile:  (985) 674-6681
*Attorneys for Defendants FedEx Freight, Inc. and Protective Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2020 a copy of the foregoing pleading has been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

*/s/ Andrea L. Albert*
**ANDREA L. ALBERT**