EAST BATON ROUGE PARISH  C-698330
Filed Jul 28, 2020 4:25 PM         25
Deputy Clerk of Court
E-File Received Jul 28, 2020 2:56 PM

| | |
|---|---|
| JUSTIN MCGEE | DOCKET NO.:        SEC: |
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| FEDEX FREIGHT, INC., PROTECTIVE INSURANCE COMPANY, and XYZ PAVING CONSTRUCTORS/CONTRACTORS | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes plaintiff, **JUSTIN MCGEE,** a resident and domiciliary of East Baton Rouge Parish, State of Louisiana, who respectfully represents that:

1.

Made defendant herein is:

A.  **FEDEX FREIGHT, INC.,** a foreign Limited Liability Company who does businesss at 11855 North Harrells Ferry Road, Baton Rouge, Louisiana 70816 and who can be served through its Agent for Service of Process C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816;

B.  **PROTECTIVE INSURANCE COMPANY,** a foreign insurance company authorized to do and doing business in the State of Louisiana, which has appointed Tom Schedler, Secretary of State for the State of Louisiana, as its agent for service of process, who can be served at 8585 Archives Avenue, Baton Rouge, LA 70809; and

C.  **XYZ PAVING/CONSTRUCTORS/CONTRACTORS** (a fictitious company), that was responsible for installing and/or paving/concreting the parking lot, points of ingress/egress, sidewalks, curbs and any and all other parking lot accoutrements of the parking lot and/or walking and driving areas located on the **FEDEX FREIGHT, INC.,** and that is believed to be a contractor or subcontractor of **FEDEX FREIGHT, INC.,** a Louisiana business entity, and the identity and service information for which may be obtained through discovery.

2.

Venue is appropriate in this matter pursuant to Louisiana Code of Civil Procedure articles 42(2) and 42(7) because PROTECTIVE INSURANCE COMPANY is foreign or alien insurers.

3.

On or about August 22, 2019, petitioner, JUSTIN MCGEE, was an invited patron at the FEDEX FREIGHT, INC. located at 11855 North Harrells Ferry Road, Baton Rouge, Louisiana 70816.

EXHIBIT
1

4.

At that same time, petitioner, JUSTIN MCGEE, was attempting to pick up some equipment at the FEDEX FREIGHT, INC. located at 11855 North Harrells Ferry Road, Baton Rouge, Louisiana.

5.

There were two women in the front office, one instructed him to pull around the building to the loading dock for the equipment to be loaded.

6.

He pulled around to the loading dock. There was only one vehicle space for loading.

7.

As petitioner, JUSTIN MCGEE, exited his vehicle where he was instructed to park for the forklift to load the equipment he tripped in a hole that had been allowed to accumulate in the parking lot around the drainage, causing him to fall and suffer injury.

8.

The hole that had accumulated in the parking lot around the drainage had been there for some time prior to JUSTIN MCGEE tripping in it.

9.

There were no warning signs at or near the immediate area where the hole had accumulated in the parking lot.

10.

The hole in the parking lot around the drainage represented an unreasonably dangerous condition.

11.

Alternatively, Defendant XYX PAVING/CONSTRUCTORS/CONTRACTORS, a yet unidentified business entity, upon information and belief acted as a contractor, subcontractor or other affiliate of **FEDEX FREIGHT, INC.**, was responsible for paving, re-paving, installing concrete or cleaning and/or maintaining the paved areas and their accoutrements located at 11855 North Harrells Ferry Road, Baton Rouge, Louisiana at the time of the incident made the basis of the instant litigation, and is responsible for Plaintiff's fall.

12.

At the time of the accident herein sued upon, defendant, **FEDEX FREIGHT, INC.** was the owner of the location at 11855 North Harrells Ferry Road, Baton Rouge, Louisiana.

13.

Defendant, **FEDEX FREIGHT, INC.** knew of the existence of hole around the drainage in the parking lot at the time of the accident herein sued upon.

14.

At the time of the accident herein sued upon, the defendant, **FEDEX FREIGHT, INC.**, was responsible for the parking lot in question where petitioner, JUSTIN MCGEE, was injured.

13.

At the time of the accident herein sued upon, the defendant, **FEDEX FREIGHT, INC.** was the custodian of the parking lot in question where the petitioner, JUSTIN MCGEE, was injured.

14.

At the time of the accident herein sued upon, the defendant**, FEDEX FREIGHT, INC.** had care, custody, and control of the parking lot in question where the petitioner, JUSTIN MCGEE, was injured.

15.

At the time of the accident herein sued upon, the defendant **FEDEX FREIGHT, INC.** had care, custody, and control of the hole in question.

16.

At the time of the accident herein sued upon, defendant, **FEDEX FREIGHT, INC.** was responsible for the maintenance of the parking lot in question.

17.

The defendant, **FEDEX FREIGHT, INC.** knew or should have known of the unreasonably dangerous condition the parking lot possessed where the petitioner, JUSTIN MCGEE, was injured.

18.

The defendant, **FEDEX FREIGHT, INC.** knew or should have known of the unreasonably dangerous condition of the hole where the petitioner, JUSTIN MCGEE, was injured.

19.

Petitioner, JUSTIN MCGEE, was injured as a result of this accident (defective parking lot – broken concrete) and suffered severe and disabling injuries.

20.

Defendant, **FEDEX FREIGHT, INC.** is liable unto petitioner for the actions and /or inactions of their employees, whose responsibility it was to maintain the parking lot, and all causes of action asserted herein pursuant to La. Civ. Code Art. 2320, and the doctrines of Respondeat Superior and Vicarious Liability.

21.

The above described accident, resulting injuries, and damages were caused solely by the negligence and/or fault of the defendant **FEDEX FREIGHT, INC.** in the following particulars:

a. Failure to properly mark and warn of such hazards;
b. Failure to maintain and service its parking lot;
c. Failure to keep its parking lot in proper working order;
d. Failure to inspect its parking lot for such hazards;
e. Failing to take reasonable steps to maintain and insure safety of others;
f. Creating and exposing others to a hazardous condition (hole);
g. Failure to warn of hazardous conditions;
h. Failure to maintain and service areas for parking;
i. Failure to train, supervise, and/or oversee employees;
j. Disregard for the safety of business invitees, patrons, and other individuals similarly situated;
k. Failure to provide business invitees, patrons, and other individuals similarly situated with a safe means of traversing the parking lot;
l. Failure to exercise reasonable and prudent care under the circumstances;
m. Failure to maintain its parking lot in a condition free of defects (broken concrete surface;
n. Failure to take appropriate action to remedy defects and conditions after having actual or constructive knowledge of same;
o. The defendants either created or had actual or constructive notice of the condition which caused petitioner's damage prior to the accident;
p. Failing to train employees and/or implement maintenance/warning polices for its parking lot;

q.  Failing to abide by its own maintenance polices, if any;
r.  Failing to properly supervise its employees to see that parking lot were properly maintained;
s.  In creating and or maintaining an unusually dangerous situation and
t.  Reckless and careless conduct;
u.  Any and all other acts of negligence, which will be proven at the trial of this matter.

22.

As a result of this accident, petitioner, JUSTIN MCGEE, is a surgical candidate and has suffered the following, among other, injuries:

a.  Chronic left ankle instability with peroneal tendinitis;
b.  High ankle sprain;
c.  Swelling and contusions.

23.

As a result of the above described accident, petitioner, JUSTIN MCGEE, sustained the following damages:

a.  Physical pain and suffering (past, present, & future);
b.  Mental pain and anguish (past, present, & future);
c.  Medical expenses (past, present, & future);
d.  Lost wages (past, present, & future);
e.  Loss of enjoyment of life (past, present, & future);
f.  Physical disability and limitation of activities, hobbies, and endeavor.

24.

At all times pertinent herein, PROTECTIVE INSURANCE COMPANY afforded a policy of insurance covering, **FEDEX FREIGHT, INC.**, located at 14660 Tiger Bend Road, Baton Rouge La. The policy number is (unknown at present time), and under the laws of the State of Louisiana there was in full force and effect at the time of the accident and which insurance inures to the benefit of plaintiff under the provisions of the Louisiana Direct Action Statute, Revised Statute 22:655.

25.

Petitioner further alleges, on information and belief, that under the terms of said policy, PROTECTIVE INSURANCE COMPANY obligated itself to pay any and all damages to others as a result of the negligence of **FEDEX FREIGHT, INC.**, the owner of the convenient store, covered by said policy at the time of said trip and fall.

26.

Pursuant to the provisions of the Louisiana Code of Civil Procedure, Article 1423, et sec., plaintiff is entitled to a certified copy of any insurance policies issued to and/or otherwise insuring **FEDEX FREIGHT, INC.** for the claims made by plaintiff herein. Plaintiff herein requests a certified copy of any and all such policies of insurance within thirty (30) days of service of the petition upon them.

27.

Petitioner, JUSTIN MCGEE, further shows and represents that the defendant, **FEDEX FREIGHT, INC.** is liable, jointly and severally, unto petitioner in strict liability and/or negligence according to La. Civ. Code Art.[s] 2315, 2316, 2317, 2317.1.

28.

It will be necessary to present expert witness testimony at during the perpetration and/or trial on the merits of the case and as such, JUSTIN MCGEE desires that all such cost be taxed as court cost and assessed against the defendants.

29.

Plaintiff JUSTIN MCGEE is therefore entitled to damages for the items set forth above in such amounts as are reasonable in the premises.

WHEREFORE PLAINTIFF PRAYS:

1. That certified copies of this Petition, together with Citation, be issued and served according to the law on the Defendants:

    A. **FEDEX FREIGHT, INC.**, a foreign Limited Liability Company who does businesss at 11855 North Harrells Ferry Road, Baton Rouge, Louisiana 70816 and who can be served through its Agent for Service of Process C T Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816;

    B. **PROTECTIVE INSURANCE COMPANY**, a foreign insurance company authorized to do and doing business in the State of Louisiana, which has appointed Tom Schedler, Secretary of State for the State of Louisiana, as its agent for service of process, who can be served at 8585 Archives Avenue, Baton Rouge, LA 70809

    C. **XYX PAVING/CONSTRUCTORS/CONTRACTORS** (a fictitious company), that was responsible for installing and/or paving/concreting the parking lot, points of ingress/egress, sidewalks, curbs and any and all other parking lot accoutrements of the parking lot and/or walking and driving areas located on the **FEDEX FREIGHT, INC.**, and that is believed to be a contractor or subcontractor of **FEDEX FREIGHT, INC.**, a Louisiana business entity, and the identity and service information for which may be obtained through discovery.

2. After the lapse of all legal delays and proceedings had, there be a judgment against the Defendants, **FEDEX FREIGHT, INC., PROTECTIVE INSURANCE COMPANY** and **XYZ PAVING CONSTRUCTORS/CONTRACTORS**, *in solido* and in favor of Plaintiff, JUSTIN MCGEE, in such amounts as are reasonable in the premises;

3. For all necessary orders and decrees as may be required or proper for full, general and equitable relief; and

4. For legal interest from date of judicial demand on all amounts awarded, and for all costs of these proceedings.

RESPECTFULLY SUBMITTED:
**MURPHY LAW FIRM**

**JAMES E. MOORE, JR. (#21758)**
**PEYTON P. MURPHY (#22125)**
**TROY D. MORAIN (#19070)**
**BRIAN L. McCULLOUGH (#31256)**
**RENEE H. PENNINGTON (#35954)**
2354 S. Acadian Thruway
Baton Rouge, Louisiana 70808
Telephone: (225) 928-8800
Facsimile: (225) 928-8802
Email: jim@murphylawfirm.com
          peyton@murphylawfirm.com
**ATTORNEYS FOR PLAINTIFF**

**PLEASE SERVE DEFENDANTS:**

**FEDEX FREIGHT, INC.**
*Through its agent for service of process,*
Corporation Service Company
501 Louisiana Avenue, Baton Rouge LA 70802

**PROTECTIVE INSURANCE COMPANY**
*Through its agent for service of process,*
Secretary of State for the State of Louisiana
8585 Archives Avenue
Baton Rouge, LA 70809

**PLEASE HOLD SERVICE AT THIS TIME:**

**XYX PAVING/CONSTRUCTORS/CONTRACTORS**
*HOLD SERVICE AT THIS TIME*